IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02421-REB-MJW

ALEMAYEHU GETACHEW,

Plaintiff,

v.

7-ELEVEN, INC., and
GOOGLE,

Defendants.

**RECOMMENDATION
THAT CLAIMS AGAINST DEFENDANT GOOGLE BE DISMISSED BASED UPON
THE PLAINTIFF'S FAILURE TO SERVE AND FAILURE TO PROSECUTE**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on October 6, 2011. (Docket No. 9).

This action was commenced on September 14, 2011. (Docket No. 1). During a telephone Status Conference on November 8, 2011, this court directed the pro se plaintiff to forthwith serve defendant Google properly. (See Docket No. 20, Courtroom Minutes/Minute Order). In addition, an Order to Show Cause was issued that day (Docket No. 22) directing the plaintiff to show cause during a hearing on January 30, 2012, at 10:00 a.m. why this case should not be dismissed as against defendant Google pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 based upon his failure to

2

serve defendant Google and failure to prosecute his claims against defendant Google. Plaintiff appeared for that Show Cause Hearing (and Rule 16 Conference) on January 30, 2012, but he advised the court that he still had not served defendant Google, essentially because he was too busy to do so.

The court notes that on January 4, 2012, plaintiff moved for a sixty-day extension of time to serve Google. (Docket No. 27). Plaintiff stated in that motion that he tried to contact a certain attorney, Daid H. Kramer, on several occasions following the November 8 hearing, but the attorney's telephone was answered by someone else (Brian M. Willen) who "was not willing to cooperate." "Plaintiff was asking the defendant to return the complaint back and to serve them; because some of the exhibits were deleted from the internet. Mr Willen said no." (Docket No. 27 at 1). Plaintiff further advised that court that he was "not sure if Mr Willen is an Attorney or other position, and he send a letter to plaintiff stating Google Inc.'s immune under Sec. 230(c)(1). Plaintiff was not convinced." (Docket No. 27 at 2).

In a Minute Order filed on January 9, 2012 (Docket No. 31), this court denied plaintiff's motion for a sixty-day extension of time to serve defendant Goggle for the following reasons:

> Plaintiff filed his Complaint with the court on September 14, 2011. See docket no. 1. That pursuant to Fed. R. Civ. P. 4(m), Plaintiff has 120 days from the filing of the Complaint to serve Defendant Google, Inc., or the court on motion or on its own may dismiss this case without prejudice or may extend the time to serve such defendant if good cause can be shown. The 120 day period to serve Defendant Google, Inc., will expire on January 12, 2012. Plaintiff has failed to demonstrate good cause under Fed. R. Civ. P. 4(m) noting that Defendant Google, Inc., is a major corporation here in the United States and there has been no evidence suggesting that Defendant Google, Inc., is trying to avoid service of process. Moreover, Plaintiff has previously filed a job discrimination civil

> lawsuit in this court under case no. 02-cv-02218-RPM-PAC captioned ***Alemayehu Getachew v. 7-Eleven*** and is aware that he must comply with the Local Rules of Practice of this court and the Federal Rules of Civil Procedure.
>
> Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979.***
>
> The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)*** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

(Docket No. 31). Plaintiff did not file an objection to that Minute Order. That Minute Order was issued three weeks before the Show Cause Hearing, yet plaintiff still made no efforts in the interim to serve defendant Google.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

4

Based upon the foregoing, it is hereby

**RECOMMENDED** that the plaintiff's claims against defendant Google be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to serve defendant Google and failure to prosecute his claims against defendant Google.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  January 30, 2012           s/ Michael J. Watanabe
        Denver, Colorado            Michael J. Watanabe
                                    United States Magistrate Judge