IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02421-REB-MJW

ALEMAYEHU GETACHEW,

Plaintiff,

v.

7-ELEVEN, INC.,

Defendants.

**ORDER REGARDING
PLAINTIFF'S MOTION REQUESTING DEFENDANT 7-ELEVEN, INC.'S ATTORNEY
ERIC A. WELTER TO RESIGN REPRESENTING HIS CLIENT ON THIS CASE OR
THE UNITED STATES COURT TO BAR HIM BECAUSE OF A LEGAL ETHICAL
CONCERN AND HIS VIOLATION OF COURT'S DISCIPLINARY RULES
(DOCKET NO. 42)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on the Pro Se Plaintiff's Motion Requesting Defendant 7-Eleven, Inc.'s Attorney Eric A. Welter to Resign Representing His Client on this Case or the United States Court to Bar Him Because of a Legal Ethical Concern and His Violation of Court's Disciplinary Rules (docket no. 42). The court has reviewed the subject motion (docket no. 42) and the response (docket no. 46) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That a motion to disqualify counsel is addressed to the sound discretion of the district court. World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc., 866 F. Supp. 1297, 1301 (D. Colo. 1994). The moving party has the burden to establish the grounds for disqualification of an attorney. Religious Tech. Ctr. v. F.A.C.T. Net, Inc., 945 F. Supp. 1470, 1473 (D. Colo. 1996). The Colorado Supreme Court adopted the Colorado Rules of Professional Conduct, and they are applicable in the United States District Court for the District of Colorado. See id. at 1474; and

5. That in the subject motion (docket no. 42), in paragraphs [averments] 1-20, inclusive, 31-39, inclusive, and 46-54, inclusive, the Pro Se Plaintiff alleges misconduct by Defendant 7-Eleven's counsel Eric A. Welter. After carefully reviewing these paragraphs, I find that the Pro Se Plaintiff has failed to meet his burden of proof to establish a violation of the Rules of Professional Conduct by Defendant 7-Eleven's counsel Eric A. Welter. Accordingly, the subject motion should be denied.

3

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Pro Se Plaintiff's Motion Requesting Defendant 7-Eleven, Inc.'s Attorney Eric A. Welter to Resign Representing His Client on this Case or the United States Court to Bar Him Because of a Legal Ethical Concern and His Violation of Court's Disciplinary Rules (docket no. 42) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 21st day of March 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE