**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02421-REB-MJW

ALEMAYEHU GETACHEW,

     Plaintiff,

v.

7-ELEVEN, INC.,

     Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion Requesting the Court To Reconsider Its June 8, 2012 Order and Disregard Its Consideration of Defendant's "Judicial Notice" Because He Did Not Confer with the Plaintiff as the Court Rule Requires** [#64][1] filed June 25, 2012. Plaintiff seeks reconsideration of my **Order Re: Recommendations of the United States Magistrate Judge** [#56] filed June 8, 2012. Exercising my prerogative to rule on the motion without benefit of a response, **D.C.COLO.LCivR** 7.1C., I deny the motion.

    The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the

---

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

controlling law.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Plaintiff's motion offers nothing suggesting that any of these grounds are implicated in this case.

Instead, it appears that plaintiff is confused by the reference at page 1 of the Order to "more recent developments in the case." That reference was linked to my order re-referring defendant's motion to dismiss to the magistrate judge in light of plaintiff's stated intention not to amend his complaint despite the magistrate judge's order directing him to do so.  It had no relation to defendant's **Notice of Filing in Related Case and Request for the Court To Take Judicial Notice** [#53] filed May 22, 2012, which notice I did not consider in issuing my ruling.[2]

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion Requesting the Court To Reconsider Its June 8, 2012 Order and Disregard Its Consideration of Defendant's "Judicial Notice" Because He Did Not Confer with the Plaintiff as the Court Rule Requires** [#64] filed June 25, 2012, is **DENIED**.

Dated June 26, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] To the extent that plaintiff complains that defendant filed the request without conferring with him as required by the Local Rules, that issue can be addressed, if appropriate, within the context of the magistrate judge's consideration of the motion to dismiss.