IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-02421-REB-MJW

ALEMAYEHU GETACHEW,

Plaintiff,

v.

7-ELEVEN, INC.,

Defendant.

---

**RECOMMENDATION ON**
**DEFENDANT 7-ELEVEN, INC.'S MOTION TO DISMISS (Docket No. 10),**
**PLAINTIFF'S MOTION REQUESTING AN IMMEDIATE INJUNCTION (Docket No. 61),**
**AND**
**DEFENDANT 7-ELEVEN, INC.'S MOTION TO DISMISS OR FOR OTHER**
**SANCTIONS FOR PLAINTIFF'S REFUSAL TO PARTICIPATE IN DISCOVERY**
**(Docket No. 75).**

**ORDER ON**
**PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT BY ADDING JURY TRIAL**
**(Docket No. 40),**
**PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT BY CORRECTING THE**
**CAPTION (Docket No. 41),**
**PLAINTIFF'S MOTION REQUESTING SANCTIONS (Docket No. 62),**
**PLAINTIFF'S MOTION REQUESTING THE PRESIDING JUDGE TO MAKE A**
**DETERMINATION (Docket No. 67),**
**DEFENDANT'S 7-ELEVEN, INC'S MOTION FOR SANCTIONS (Docket No. 72),**
**AND**
**PLAINTIFF'S MOTION REQUESTING SANCTIONS (Docket No. 77).**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

        This case is before this court pursuant to an Order Referring Case (Docket No. 9)

issued by Judge Robert E. Blackburn on October 6, 2011.

2

## PLAINTIFF'S ALLEGATIONS

*Pro se* plaintiff Alemayehu Getachew asserts the following in his Complaint (Docket No. 1).  On November 26, 2002, plaintiff filed a complaint in this court against defendant 7-Eleven, Inc. for employment discrimination.  See Getachew v. 7-Eleven, No. 02-cv-02218-RPM-PAC (D. Colo.).  The case was dismissed on December 14, 2004 after Judge Richard P. Matsch granted defendant's motion for summary judgment.  Plaintiff unsuccessfully appealed Judge Matsch's decision.  See Getachew v. 7-Eleven, 151 Fed. Appx. 626 (10th Cir. 2005).

Plaintiff alleges that, beginning in or before 2006, defendant retaliated against plaintiff for filing the 2002 lawsuit.  Specifically, plaintiff alleges that a copy of Judge Matsch's December 14, 2004 order (the "2004 Order") was posted on the internet by defendant.  Plaintiff further claims that one of the results for a Google[1] search of his name is the 2004 Order.  Accordingly, plaintiff alleges that by "making this information easily accessible," defendant essentially gave plaintiff "a negative job reference to hiring managers without those managers even asking," thus hindering plaintiff's employment opportunities.  Plaintiff makes the following claims against defendant:

Claim One asserts retaliation under the Civil Rights Act, 42 U.S.C. § 1981.  Plaintiff claims that by posting the 2004 Order in retaliation for the 2002 lawsuit, defendant significantly affected plaintiff's ability to obtain employment.

Claim Two asserts discrimination based on race under the Civil Rights Act, 42 U.S.C. § 1981.  Plaintiff claims defendant's actions caused a denial of his rights to make

---

[1] Although originally named as a defendant in this matter, Google was dismissed on March 14, 2012 (Docket No. 45).

and enforce employment contracts with other employers.

Claim Three asserts that defendant violated the Thirteenth Amendment's prohibition against involuntary servitude due to the working conditions plaintiff faced while employed by defendant.

Claim Four asserts defendant was negligent in posting the 2004 Order on the internet.

Claim Five asserts intentional infliction of emotional distress due to the positing of the 2004 Order on the internet.

## PENDING MOTION

Now before the court for a report and recommendation is Defendant 7-Eleven, Inc.'s Motion to Dismiss (Docket No. 10).  Defendant argues plaintiff's claims are barred by the applicable statutes of limitations.  Defendant also argues that each claim fails to state a claim upon which relief may be granted.

The court has carefully considered the Complaint (Docket No. 1), the motion to dismiss (Docket No. 10), and plaintiff's response (Docket No. 16).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take two forms.  First, a party may attack the facial sufficiency of the complaint, in which case

the court must accept the allegations of the complaint as true.  Holt v. United States, 46

F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions

regarding subject matter jurisdiction through affidavits and other documents, the court

may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence

outside the pleadings will not convert the motion to dismiss to a motion for summary

judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

5

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro*

*se* complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a *pro se* litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

"construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  "The plaintiff's *pro se* status does not entitle him to application of

different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Statute of Limitations**

Claim One is a retaliation claim brought pursuant to 42 U.S.C. § 1981 and Claim

Two is a discriminatory contractural inference claim brought pursuant to 42 U.S.C. §

1981(b).  These claims are subject to a four-year statute of limitations.  See Jones v.

R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004); 28 U.S.C. § 1658(a).  The

statute of limitations begins to run "when the plaintiff knows or has reason to know of

the existence and cause of the injury which is the basis of his action."  Alexander v.

Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004) ("In particular, a civil rights action

7

accrues when [the] facts that would support of cause of action are or should be apparent.").  Plaintiff's Complaint plainly states that the action which is the basis for Claim One and Claim Two is the posting of the 2004 Order on the internet; plaintiff states that "the heart of this case" is the posting of the 2004 Order.  Indeed, every ill effect complained of by plaintiff in Claim One and Claim Two is the consequence of the posting of the 2004 Order.

Plaintiff states that the retaliation, in the form of posting the 2004 Order, began "in or before 2006."  It necessarily follows that plaintiff became aware of the posting, and the applicable statute of limitations began to run, at that time.[2]  Assuming the 2004 Order was posted on the last day of 2006, the statute of limitations ran, at the latest, on December 31, 2010.  Plaintiff's Complaint was not filed until September 14, 2011.  Consequently, the court finds that Claim One and Claim Two are time barred and should be dismissed.

Claim Three is a involuntary servitude claim brought pursuant to the Thirteenth Amendment, and by implication, the Thirteenth Amendment's enabling statute, 18 U.S.C. § 1584.  Unlike Claim One and Claim Two, the statute of limitations for Claim Three is not determined by 28 U.S.C. § 1658(a) since 18 U.S.C. § 1584 was enacted prior to 1991.  See Jones, 541 U.S. at 382.  Because 18 U.S.C. § 1584 does not specify a statute of limitations, and 28 U.S.C. § 1658(a) is inapplicable, the court must look to the most closely analogous statute of limitations under state law.  See E.E.O.C. v. W.H.

---

[2] Plaintiff's argument as to a continuing violation is without merit.  "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation."  Bergman v. United States, 751 F.2d 314, 317 (10th Cir. 1984).  Plaintiff's Complaint contains no allegations of retaliatory actions by defendant other than the posting of the 2004 Order.

8

Braum, Inc., 347 F.3d 1192, 1197 (10th Cir. 2003) ("Where Congress creates a cause of action without specifying the time period within which it may be brought, courts may infer that Congress intended the most analogous state statute of limitations to apply."); see also Manliguez v. Joseph, 226 F. Supp. 2d 377, 385 (E.D.N.Y. 2002) (looking to state law to determine the statute of limitations under 18 U.S.C. § 1584); Townsend v. Treadway, No. 6500, 1974 WL 1256, at *3 (M.D. Tenn. Mar. 2, 1973) (looking to state law to determine the statute of limitations under 18 U.S.C. § 1584).

The court's research indicates that the Tenth Circuit has not made a determination as to which Colorado law is most closely analogous to 18 U.S.C. § 1584. Indeed, few court's have addressed the issue with respect to any state. However, the court agrees with the reasoning in Manliguez. There, the court found that a 18 U.S.C. § 1584 claim was most analogous to the New York statute for personal injury claims, a statute which had previously been found to be analogous to other federal civil rights claims. Manliguez, 226 F. Supp. 2d at 385. In so finding, the court reasoned that the state false imprisonment statute was less analogous because it did not address the plaintiff's "forced labor or its constitutional implications." Id. This court agrees with such reasoning. Accordingly, the court finds that Colorado's two-year statue of limitations for personal injury actions is applicable. See C.R.S. § 13-80-102.

Plaintiff's Complaint states that the conditions he was subjected to by defendant occurred in "mid-2001." Further, plaintiff indicates that he was fired by defendant sometime in 2002. Accordingly, the statute of limitations for plaintiff's 18 U.S.C. § 1584 claim ran, at the latest, sometime in 2004. Consequently, the court finds that Claim Three is time barred and should be dismissed.

9

Claim Four asserts that defendant was negligent in posting the 2004 Order.  In Colorado, a two-year statute of limitations applies to tort actions such as negligence. See C.R.S. § 13-80-102(1)(a).  A cause of action of negligence accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  C.R.S. § 13-80-108(1).

As explained above, plaintiff discovered the posting of the 2004 Order sometime before the end of 2006.  Accordingly, the statute of limitations for Claim Four ran by the end of 2008.  Consequently, the court finds that Claim Four is time barred and should be dismissed.

Finally, Claim Five asserts that defendant intentionally inflicted emotional distress on plaintiff due to the posting of the 2004 Order.  In Colorado, the tort of intentional infliction of emotional distress has a two-year statute of limitations.  See C.R.S. § 13-80-102(1)(a).  A cause of action of intentional infliction of emotional distress accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  C.R.S. § 13-80-108(1).

As explained above, plaintiff discovered the posting of the 2004 Order sometime before the end of 2006.  Accordingly, the statute of limitations for Claim Five ran by the end of 2008.  Consequently, the court finds that Claim Five is time barred and should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant 7-Eleven, Inc.'s Motion to Dismiss (Docket No. 10) be **GRANTED** insofar as each of plaintiff's claims are barred by the applicable statute of limitations and plaintiff's complaint be dismissed in its entirety.  It is further

10

**RECOMMENDED** that plaintiff's Motion Requesting an Immediate Injunction (Docket No. 61) be **DENIED AS MOOT**.  It is further

**RECOMMENDED** that Defendant 7-Eleven, Inc.'s Motion to Dismiss or for Other Sanctions for Plaintiff's Refusal to Participate in Discovery (Docket No. 75) be **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Motion to Amend His Complaint by Adding Jury Trial (Docket No. 40) is **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Motion to Amend His Complaint by Correcting the Caption (Docket No. 41) is **DENIED AS MOOT**. It is further

**ORDERED** that plaintiff's Motion Requesting Sanctions (Docket No. 62) is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion Requesting the Presiding Judge to Make a Determination (Docket No. 67) is **DENIED AS MOOT**.  It is further

**ORDERED** that Defendant's 7-Eleven, Inc's Motion for Sanctions (Docket No. 72) is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion Requesting Sanctions (Docket No. 77) is **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections**

within fourteen (14) days after being served with a copy.  The District Judge need

not consider frivolous, conclusive, or general objections.  A party's failure to file

and serve such written, specific objections waives de novo review of the

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,

91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  August 8, 2012                    <u>s/ Michael J. Watanabe</u>
         Denver, Colorado                Michael J. Watanabe
                                         United States Magistrate Judge