**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02421-REB-MJW

ALEMAYEHU GETACHEW,

    Plaintiff,

v.

7-ELEVEN, INC.,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the magistrate judge's **Recommendation on Defendant 7-Eleven, Inc.'s Motion To Dismiss (Docket No. 10), Plaintiff's Motion Requesting an Immediate Injunction (Docket No. 61), and Defendant 7-Eleven's Motion To Dismiss or for Other Sanctions for Plaintiff's Refusal To Participate in Discovery (Docket No. 75)** [#83],[1] filed August 8, 2012. No objections having been filed to the recommendation, I review it only for plain error. *See **Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).*[2] Finding no such error in the magistrate judge's recommended disposition, I find and conclude

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. **Morales-Fernandez**, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).*

that recommendation should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Defendant 7-Eleven, Inc.'s Motion To Dismiss (Docket No. 10), Plaintiff's Motion Requesting an Immediate Injunction (Docket No. 61), and Defendant 7-Eleven's Motion To Dismiss or for Other Sanctions for Plaintiff's Refusal To Participate in Discovery** [#83], filed August 8, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2. That **Defendant 7-Eleven, Inc.'s Motion To Dismiss** [#10], filed October 18, 2011, is **GRANTED** insofar as it asserts that plaintiffs' claims are barred by the applicable statutes of limitation;

3. That **Plaintiff's Motion for the "Judicial Notice" of Judge Robert E. Blackburn on the Federal Anti-Retaliatory Provision Which is the Gist of this Lawsuit . . .** [#61], filed June 20, 2012, is **DENIED AS MOOT**;

4. That **Defendant 7-Eleven's Motion To Dismiss or for Other Sanctions for Plaintiff's Refusal To Participate in Discovery** [#75], filed June 28, 2012, is **DENIED AS MOOT**;

5. That plaintiff's claims are **DISMISSED WITH PREJUDICE**;

6. That the Trial Preparation Conference set for December 7, 2012, is **VACATED**;

7. That the trial to the court set to commence December 10, 2012, is **VACATED**;

8. That any pending motion is **DENIED** as moot; and

9.  That judgment **SHALL ENTER** on behalf of defendant, 7-Eleven, Inc., and against plaintiff, Alemayehu Getachew, as to all claims and causes of action asserted herein; provided, that the judgment shall be with prejudice;

Dated September 24, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge